UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ABEL RONDAN HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS CITY,<br><br>Defendant. | Case No. 2:22-cv-01961-ART-EJY<br><br>**ORDER**<br><br>And<br><br>**REPORT and RECOMMENDATION**<br><br>RE:  ECF No. 1-1 |

Pending before the Court is Plaintiff's *in forma pauperis* ("IFP") application (ECF No. 4) and his previously filed Civil Rights Complaint under 42 U.S.C. § 1983 (ECF No. 1-1).  Because Plaintiff submitted a complete *in forma pauper* application, the Court screens Plaintiff's Complaint under 28 U.S.C. § 1915A(a).

**I.      The Screening Standard**

When screening a complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     Plaintiff's Complaint

Plaintiff identifies one defendant in his Complaint—that is, the City of Las Vegas.[1] To state a claim under 42 U.S.C. § 1983 against the City of Las Vegas (the "City"), Plaintiff must allege a constitutional violation arising out of an official policy or custom. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012); *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). Plaintiff may do so in one of three ways. "First, a local government may be held liable when implementation of its official policies or established customs inflicts the constitutional injury." *Clouthier*, 591 F.3d at 1249 (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring) (internal quote marks omitted). "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)). Here, Plaintiff does not allege any facts suggesting that an official policy or custom of the City resulted in a constitutional injury or that any conduct amounted to the City's official policy. Plaintiff also does not allege any facts committed by an official with final policy making authority. For these reasons, Plaintiff fails to state a claim against the City under *Monell*.

Further, a liberal reading of Plaintiff's Complaint suggests he is attempting to state a Fourth Amendment excessive force claims against unnamed law enforcement officers.[2] ECF No. 1-1 at 2.

---

[1]     The Court suspect Plaintiff seeks to sue the Las Vegas Metropolitan Police Department rather than the City of Las Vegas, which does not have a police department.

[2]     A plaintiff, particularly when proceeding pro se, may sue "John Doe" defendants under certain circumstances. *See Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir.1992). "There may be times when ... the plaintiff is unwilling or unable to use a party's real name. Also, one may be able to describe an individual ... without stating his name precisely or correctly." *Id.*

Under the Fourth Amendment "a seizure occurs when a law enforcement officer, by means of physical force or show of authority, in some way restrains the liberty of a citizen." *United States v. Chan-Jimenez*, 125 F.3d 1324, 1326 (9th Cir. 1997). "A claim of excessive force in the context of an arrest … implicates the Fourth Amendment right to be free from 'unreasonable ... seizures.'" *I.A. v. City of Emeryville*, Case No. 15-cv-04973, 2017 WL 952894, at *5 (N.D. Cal. Mar. 13, 2017). The Fourth Amendment requires law enforcement officers making an arrest to use only an amount of force that is objectively reasonable in light of the circumstances facing them. *Graham v. Connor*, 490 U.S. 386, 397 (1989). The objective reasonableness analysis under the Fourth Amendment "requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.* at 396 (citation omitted). The reasonableness of a particular use of force is determined through a three-step inquiry. *Id.* First, a court must "first assess the quantum of force used to arrest [the plaintiff] by considering 'the type and amount of force inflicted.'" *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (citations omitted). Second, the Court must assess the government's countervailing interests at stake in applying force. *Graham*, 490 U.S. at 396. "Relevant factors to this inquiry include, but are not limited to, 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007) (quoting *Graham*, 490 U.S. at 396). Third, the Court must consider whether the suspect posed an immediate threat to the safety of the officers or others. *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc).

Here, while Plaintiff states excessive force was allegedly used when he was arrested, he alleges only that the basis of his claim is that a police dog allegedly bit him and was allowed to continue to do so after "the officer already had … [him] under arrest." ECF No. 1-1 at 2. These facts are insufficient to allow the Court to determine whether Plaintiff states a Fourth Amendment violation sufficient to survive screening. Plaintiff offers nothing that explains what he was arrested for, what occurred leading up to the use of the police dog (for example, whether there were attempts to get him into custody prior to the dog's use) or any other information that would assist the Court

3

in assessing whether Plaintiff asserts a facially valid Fourth Amendment, excessive force claim against some unidentified law enforcement officers. For this reason, Plaintiff's apparent attempt to state a Fourth Amendment violation fails.

### III.   Order

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance and/or service of subpoenas at government expense.

### IV.   Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that the Clerk of Court mail Plaintiff the form and instructions for filing a Civil Rights Complaint under 42 U.S.C. § 1983.

IT IS FURTHER RECOMMENDED Plaintiff be granted to and including **February 3, 2023** to file an amended complaint that addresses the deficiencies identified above relating to Plaintiff's claim under *Monell v. Department of Social Services of City of New York* and potential Fourth Amendment claim. If Plaintiff files a second amended complaint it must be titled "FIRST AMENDED COMPLAINT" and must include all facts and all claims he seeks to assert against all defendants he seeks to sue. Upon filing an amended complaint, the Court may not refer to or rely on any allegations in Plaintiff's current Complaint.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to timely file an amended complaint by or before **February 3, 2023**, this matter be dismissed without prejudice.

DATED this 3rd day of January, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).