UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ABEL RONDAN HERNANDEZ,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>LAS VEGAS CITY,<br>　　　　　　　　　　Defendant. | Case No. 2:22-cv-01961-ART-EJY<br><br>ORDER |

　　　*Pro se* Plaintiff Abel Hernandez ("Hernandez") brings this action under 42 U.S.C. § 1983 alleging, inter alia, that he was attacked by a police canine and the attack continued after he had already surrendered. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Youchah (ECF No. 5), screening Plaintiff's Complaint and recommending that Plaintiff's Complaint be dismissed without prejudice and be granted to and including February 3, 2023, to file an amended complaint that addresses certain deficiencies in his Complaint. The R&R further advises that if Plaintiff files another complaint it must be titled "First Amended Complaint" and must include all facts and claims he seeks to assert against all defendants he seeks to sue. The R&R further recommends that if Plaintiff fails to timely file an amended complaint on or before February 3, 2023, the matter should be dismissed without prejudice. For the reasons set forth below, the Court adopts the R&R and finds that the document filed at ECF No. 6 substantially complies with Judge Youchah's directives and constitutes Plaintiff's First Amended Complaint and should be screened by Judge Youchah accordingly.

　　　Plaintiff identifies one defendant in his Complaint—that is, the City of Las Vegas. Judge Youchah notes in the R&R that she suspects that Plaintiff seeks to

sue the Las Vegas Metropolitan Police Department rather than the City of Las Vegas, which does not have a police department. Nevertheless, the R&R analyzes the Complaint as pled against the City of Las Vegas. As Judge Youchah notes, to state a claim under 42 U.S.C. § 1983 against the City of Las Vegas (the "City"), Plaintiff must allege a constitutional violation arising out of an official policy or custom. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012); *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). Plaintiff may do so in one of three ways. "First, a local government may be held liable when implementation of its official policies or established customs inflicts the constitutional injury." *Clouthier*, 591 F.3d at 1249 (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring) (internal quote marks omitted). "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)). Plaintiff does not allege any facts suggesting that an official policy or custom of the City resulted in a constitutional injury or that any conduct amounted to the City's official policy. Plaintiff also does not allege any facts committed by an official with final policy making authority. For these reasons, the R&R finds that Plaintiff fails to state a claim against the City under *Monell*.

Further, the R&R finds that a liberal reading of Plaintiff's Complaint suggests he is attempting to state a Fourth Amendment excessive force claim against unnamed law enforcement officers. Under the Fourth Amendment "a seizure occurs when a law enforcement officer, by means of physical force or

show of authority, in some way restrains the liberty of a citizen." *United States v. Chan-Jimenez*, 125 F.3d 1324, 1326 (9th Cir. 1997). "A claim of excessive force in the context of an arrest . . . implicates the Fourth Amendment right to be free from 'unreasonable . . . seizures.'" *I.A. v. City of Emeryville*, Case No. 15-cv-04973, 2017 WL 952894, at *5 (N.D. Cal. Mar. 13, 2017). The Fourth Amendment requires law enforcement officers making an arrest to use only an amount of force that is objectively reasonable in light of the circumstances facing them. *Graham v. Connor*, 490 U.S. 386, 397 (1989). The objective reasonableness analysis under the Fourth Amendment "requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.* at 396 (citation omitted). The reasonableness of a particular use of force is determined through a three-step inquiry. *Id.* First, a court must "first assess the quantum of force used to arrest [the plaintiff] by considering 'the type and amount of force inflicted.'" *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (citations omitted). Second, the Court must assess the government's countervailing interests at stake in applying force. *Graham*, 490 U.S. at 396. "Relevant factors to this inquiry include, but are not limited to, 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007) (quoting *Graham*, 490 U.S. at 396). Third, the Court must consider whether the suspect posed an immediate threat to the safety of the officers or others. *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc).

The R&R finds that while Plaintiff states excessive force was allegedly used when he was arrested, he alleges only that the basis of his claim is that a police dog allegedly bit him and was allowed to continue to do so after "the officer

3

1  already had . . . [him] under arrest." ECF No. 1-1 at 2. The R&R reasons that
2  these facts are insufficient to allow the Court to determine whether Plaintiff
3  states a Fourth Amendment violation sufficient to survive screening. Plaintiff
4  offers nothing that explains what he was arrested for, what occurred leading up
5  to the use of the police dog (for example, whether there were attempts to get him
6  into custody prior to the dog's use) or any other information that would assist
7  the Court in assessing whether Plaintiff asserts a facially valid Fourth
8  Amendment, excessive force claim against some unidentified law enforcement
9  officers. For this reason, the R&R finds that Plaintiff's apparent attempt to state
10 a Fourth Amendment violation fails.

11 The Court "may accept, reject, or modify, in whole or in part, the findings
12 or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where
13 a party fails to object to a magistrate judge's recommendation, the Court is not
14 required to conduct "any review at all . . . of any issue that is not the subject of
15 an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v.*
16 *Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the
17 magistrate judges' findings and recommendations is required if, but *only* if, one
18 or both parties file objections to the findings and recommendations.") (emphasis
19 in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that
20 the Court "need only satisfy itself that there is no clear error on the face of the
21 record in order to accept the recommendation.").

22 The Court finds that whether the Complaint states a cognizable excessive
23 force claim is a close question. The Ninth Circuit has found that the use of a
24 police dog constituted excessive force when the canine was sicced on the suspect
25 multiple times beyond what was necessary to subdue the suspect. *See Lowry v.*
26 *City of San Diego*, 858 F.3d 1248, 1257 (9th Cir. 2017) (citing *Smith v. City of*
27 *Hemet*, 394 F.3d 689, 701-02 (9th Cir. 2005); *Chew v. Gates*, 27 F.3d 1432, 1441
28 (9th Cir. 1994)). Instead of objecting to the R&R, Plaintiff filed, on January 23,

2023, a document providing more details about the alleged incident and naming the Las Vegas Metropolitan Police Department as the defendant. (ECF No. 6)(hereinafter "First Amended Complaint".) Because Plaintiff did not object and the Court is satisfied that Judge Youchah did not clearly err, the Court adopts the R&R. Because the Court finds that ECF No. 6 is in substance a First Amended Complaint, it will be subject to screening. For clarity of the record, the Court directs the Clerk of the Court to file the document docketed at ECF No. 6 (currently docketed as "Notice by Abel Rondan Hernandez re ECF No. 5 Order and Report and Recommendation") as Plaintiff's First Amended Complaint.

IT IS THEREFORE ORDERED that Magistrate Judge Youchah's Report and Recommendation (ECF No. 5) is accepted and adopted in full;

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be filed as Plaintiff's Complaint;

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that the document filed at ECF No. 6 be docketed as Plaintiff's First Amended Complaint.

DATED THIS 28th Day of February 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE