UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ABEL RONDAN HERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LAS VEGAS CITY,<br><br>　　　　　Defendant. | Case No. 2:22-cv-01961-ART-EJY<br><br>**REPORT and RECOMMENDATION**<br><br>RE:  ECF No. 9 |

　　　Pending before the Court is Plaintiff's First Amended Complaint ("FAC") filed in response to the Court's prior Report and Recommendation finding Plaintiff failed to state a claim upon which relief could be granted.[1]  ECF No. 9.  The Court screens the FAC under 28 U.S.C. § 1915(e)(2).

**I.　Plaintiff's FAC**

　　　Plaintiff's FAC identifies Las Vegas Metropolitan Police Department ("Metro" or "LVMPD") as the only defendant in this action.  Plaintiff alleges (1) the LVMPD arrived presumably at his home, (2) with a warrant for his arrest, (3) at which point Plaintiff hid, and (4) a police dog was sent to find him. ECF No. 9 at 1.  When the dog found Plaintiff, the dog bit his wrist causing him to scream.  Plaintiff says the dog bit him for more than three minutes during which time the Metro Officers did not tell the dog to stand down.  *Id*.  Plaintiff says the dog continued to bite him even after his arrest.  *Id*.  Plaintiff also says the dog bit him seven times, not once as Metro claimed to Plaintiff's wife.  *Id*. While Plaintiff's FAC appears to state a Fourth Amendment excessive force claims (discussed below), Plaintiff fails to name any individual law enforcement officers as defendants, even as John or Jane Doe, despite the Court's prior explanation that pro se plaintiffs may do so when such plaintiffs are unable to identify an individual party by his or her name.  ECF No. 9; *see also* ECF No. 5 at 2 n.2.

　　　Further, despite providing information to Plaintiff regarding how to plead a claim against an entity such as the LVMPD, Plaintiff fails to do so.  That is, to state a claim under 42 U.S.C. § 1983 against Metro, Plaintiff must allege a constitutional violation arising out of an official policy or

---

[1] 　　The Report and Recommendation was adopted by the Court on February 28, 2023.  ECF No. 7.

custom. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012); *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). Plaintiff may do so in one of three ways. "First, a local government may be held liable when implementation of its official policies or established customs inflicts the constitutional injury." *Clouthier*, 591 F.3d at 1249 (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring) (internal quote marks omitted). "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

Unfortunately, Plaintiff's FAC seeking relief from the LVMPD again fails to allege any facts suggesting that an LVMPD official policy, practice or custom resulted in a constitutional injury or that any conduct amounted to LVMPD's official policy. Plaintiff also does not allege any acts commit ed by an official, with final policy making authority, that would support a constitutional violation claim under *Monell*. For these reasons, Plaintiff fails to state a claim against the LVMPD.

With respect to Plaintiff's potential Fourth Amendment, excessive force claim, Plaintiff states that the law enforcement officers on the scene allegedly used more force than objectively reasonable in light of the circumstances when they let a K-9 bite him multiple times, even after arrest.[2] But other than stating Plaintiff hid upon LVMPD's arrival, Plaintiff provides no facts that allows the Court to balance "the nature and quality of the intrusion on …. [his] Fourth Amendment interests against the countervailing governmental interests at stake."[3] The reasonableness of a particular use of force is determined through a three-step inquiry.[4] While the Court can, based on the allegations, do a facial analysis of the alleged "quantum of force used to arrest [Plaintiff] by considering the type and amount of force inflicted,"[5] the Court is unable to assess the government's

---

[2] *See Graham v. Connor*, 490 U.S. 386, 397 (1989).
[3] *Id.* at 396 (internal citation and quotation marks omitted).
[4] *Id.*
[5] *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (internal citations and

countervailing interests at stake when applying that force.[6] The Court is also unable to consider whether Plaintiff posed an immediate threat to the safety of the officers or others.[7] Moreover, even if the Court were to infer these facts in support of Plaintiff excessive force claim, there are no defendants identified against whom such claim can proceed. For this reason, Plaintiff's apparent second attempt to state a Fourth Amendment violation fails.

## II.     Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's First Amended Complaint be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that the Clerk of Court again mail Plaintiff the form and instructions for filing a Civil Rights Complaint under 42 U.S.C. § 1983.

IT IS FURTHER RECOMMENDED Plaintiff be granted to and including **April 3, 2023** to file a second amended complaint that includes all facts he wishes to assert and includes all defendants against whom he seeks to assert his claim. If Plaintiff does not know the name of a particular Defendant he may plead against such Defendant naming him or her as John or Jane Doe.

Plaintiff's allegations must be sufficient to put each Defendant on notice of what actions or inactions the individual took or failed to take that allegedly violated his Fourth Amendment Rights. Plaintiff must provide more detail about the events that took place so that the Court may do the balancing test that requires the Court consider the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

If Plaintiff files a second amended complaint it must be titled "SECOND AMENDED COMPLAINT" and must include all facts and all claims he seeks to assert against all defendants he seeks to sue. Upon filing an amended complaint, the Court may not refer to or rely on any allegations in Plaintiff's First Amended Complaint.

---

quote marks omitted).

[6] *Graham*, 490 U.S. at 396. "Relevant factors to this inquiry include, but are not limited to, 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007) (quoting *Graham*, 490 U.S. at 396).

[7] *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc).

IT IS FURTHER RECOMMENDED that if Plaintiff fails to timely file an amended complaint by or before **April 3, 2023**, this matter be dismissed without prejudice.

DATED this 2nd day of March, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).